# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**UNITED STATES OF AMERICA**
    **Plaintiff,**

  v.                Case No. 06-CR-140

**JEFFREY PERSON**
    **Defendant.**

## SENTENCING MEMORANDUM

Defendant Jeffrey Person pleaded guilty to possession with intent to distribute heroin, contrary to 21 U.S.C. §§ 841(a)(1) & (b)(1)(C). The probation office prepared a pre-sentence report ("PSR"), which set his offense level at 19 (base level 24, U.S.S.G. § 2D1.1(c)(8), minus 2 under the safety valve provision, § 2D1.1(b)(9), and minus 3 for acceptance of responsibility, § 3E1.1) and his criminal history category at I, producing an imprisonment range of 30-37 months under the advisory sentencing guidelines. Defendant objected to the PSR's denial of a mitigating role reduction under U.S.S.G. § 3B1.2 and requested a non-guideline sentence of between 12 and 18 months. The government made no specific recommendation. I denied defendant's PSR objection but under all of the circumstances imposed a non-guideline sentence of 15 months under 18 U.S.C. § 3553(a)

## I. SENTENCING PROCEDURE

In imposing sentence, I follow a three-step procedure. First, I determine the advisory sentencing guideline range, resolving any factual disputes necessary to that determination. Second, I decide whether to grant any departures pursuant to the Sentencing Commission's policy statements. Finally, I select a sentence that is sufficient but not greater than necessary

given all of the factors set forth in 18 U.S.C. § 3553(a). E.g., United States v. Peralta-Espinoza, 413 F. Supp. 2d 972, 974 (E.D. Wis. 2006).

## II. DISCUSSION

### A. Guideline Determination

Defendant requested a reduction for mitigating role under U.S.S.G. § 3B1.2. Under that guideline, the court may reduce the offense level by 4 if the defendant was a minimal participant, by 2 if he was a minor participant, and by 3 in cases falling in between. The guideline thus provides a range of adjustments for a defendant who plays a part in committing the offense that makes him substantially less culpable than the average participant. U.S.S.G. § 3B1.2 cmt. n.3(A). The minimal participant adjustment is intended to cover defendants who are plainly among the least culpable of those involved in the conduct of a group. Under this provision, the defendant's lack of knowledge or understanding of the scope and structure of the enterprise and of the activities of others is indicative of a role as minimal participant. U.S.S.G. § 3B1.2 cmt. n.4. The minor participant reduction applies to a defendant who is less culpable than most others participants, but whose role could not be described as minimal. U.S.S.G. § 3B1.2 cmt. n.5. The defendant bears the burden of demonstrating entitlement to a reduction under § 3B1.2 by a preponderance of the evidence. United States v. Corral, 324 F.3d 866, 874 (7th Cir. 2003).

Defendant failed to meet his burden in this case. It was true that defendant became involved in this offense due to his own drug problem, and that his role consisted mainly of storing drugs for Greg Jackson, a large-scale Racine-area heroin dealer. However, he also re-distributed heroin and brokered deals at times. During one recorded phone call, Jackson

2

provided defendant with instructions on how he wanted the heroin defendant was storing broken up for distribution. Under these circumstances, I did not see defendant's role as sufficiently mitigated to warrant a reduction under the guideline. See, e.g., United States v. Laufle, 433 F.3d 981, 985-86 (7th Cir. 2006) (affirming the denial of the reduction to a defendant who stored and transported drugs); Corral, 324 F.3d at 874 (holding that the § 3B1.2 reduction was not justified for a defendant who allowed his apartment to be used as a stash house); United States v. Durman, 30 F.3d 803, 807 (7th Cir. 1994) (denying the reduction to a defendant who stored, cut and repackaged drugs).

Defendant also failed to demonstrate how he was less culpable than most other participants. Jackson, the main dealer, and Kazeem Afolabi, Jackson's supplier, were more culpable, but based on my review of the record, it appeared that co-defendants Mark Garbo, Lee McGee and Ryan Pierangeli were perhaps less culpable than defendant. He seemed roughly on par with Warren Stevenson. In ranking the participants, defendant seemed about average. Thus, I concluded that defendant had not met his burden under U.S.S.G. § 3B1.2. I did, however, consider the nature of defendant's involvement in the offense in imposing sentence under § 3553(a).

**B.    Sentence**

Neither side pursued a departure under the Sentencing Commission's policy statements, so I proceeded to imposition of sentence under § 3553(a).

### 1.    Section 3553(a) Factors

In imposing sentence, the court must consider the factors set forth in § 3553(a), which include:

3

(1) the nature and circumstances of the offense and the history and characteristics of the defendant;

(2) the need for the sentence imposed–

(A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

(B) to afford adequate deterrence to criminal conduct;

(C) to protect the public from further crimes of the defendant; and

(D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

(3) the kinds of sentences available;

(4) the advisory guideline range;

(5) any pertinent policy statements issued by the Sentencing Commission;

(6) the need to avoid unwarranted sentence disparities; and

(7) the need to provide restitution to any victims of the offense.

18 U.S.C. § 3553(a). The statute directs the court, after considering these factors, to impose a sentence sufficient but not greater than necessary to satisfy the purposes of sentencing set forth in sub-section (a)(2).

**2. Analysis**

Like several of the others charged in this case, defendant was a heroin addict used by Jackson to assist in his drug trafficking operation. Defendant's role was to store and package, although he at times brokered deals. No one disputed that he became involved in order to feed his own habit, rather than to profit.

Defendant had a long history of drug use. He started using heroin in 1996. When he lost his job of twenty years in 2001, his use escalated to about a gram per day. Without any

4

income, and having a hard time finding a decent job approaching fifty years old and with some physical limitations, he became involved in Jackson's conspiracy to obtain heroin. His only prior contact with the system was a 1981 misdemeanor case. Defendant's history and background were otherwise stable and pro-social. In addition to holding the same job for twenty years, he had been in a long-term relationship and had a nineteen year old daughter. His girlfriend had good things to say about him, and he had gotten closer to his father in recent years. His father appeared in support at sentencing and paid the special assessment on defendant's behalf. Defendant attempted to cooperate with the government and provided all of the information he had about the offense, which earned him a safety valve reduction, see U.S.S.G. § 5C1.2(a), but he lacked the knowledge necessary to obtain a U.S.S.G. § 5K1.1 motion.

Defendant had also taken steps to deal with his drug problem. He completed sixty days at Genesis and participated in out-patient treatment as part of his pre-trial release in this case. Unfortunately, he relapsed twice, using cocaine, which led to his remand. He nevertheless seemed committed to trying to stay clean. With his drug problem under control, defendant did not present a risk of recidivism from which the public had to be protected. However, there was a need for a period of confinement to provide just punishment and deter others, given the seriousness of heroin trafficking.

The guidelines called for a term of 30-37 months, but under all the circumstances, this range was greater than necessary. First, defendant's involvement in the conspiracy stemmed from his own addiction, not from greed. He did not have his own customers and assisted Jackson to obtain heroin for himself. Thus, a term approaching three years was not necessary to provide just punishment given the nature of defendant's specific conduct. See 18 U.S.C. §

5

3553(a)(2)(A).

Second, defendant's employment history, holding the same job for twenty years, demonstrated that he could be a productive member of society when his drug use was under control. With sustained treatment, which he had never received prior to his arrest, the risk to the public would be greatly diminished. I acknowledged that defendant had relapsed during the pendency of this case, but that is not uncommon when someone has been using as long as defendant. I believed that a term below the range would be sufficient to protect the public so long as defendant received treatment in the community, which I ordered as part of his supervised release. See 18 U.S.C. §§ 3553(a)(2)(C) & (D).

Finally, defendant had never been to jail before, so a lengthy term was not needed to impress upon him the seriousness of the offense, promote respect for the law and deter him from re-offending. 18 U.S.C. §§ 3553(a)(2)(A) & (B).

Under all of the circumstances, I found a sentence of 15 months sufficient but not greater than necessary. This sentence acknowledged the mitigating circumstances discussed above, while still providing just punishment. This sentence also ranked him appropriately within the conspiracy, given the sentences previously imposed on the co-defendants.[1]

### III. CONCLUSION

Therefore, I committed defendant to the custody of the Bureau of Prisons for 15 months, followed by a three year period of supervised release, with a drug testing and treatment

---

[1] I sentenced co-defendants Garbo, Stevenson and McGee to 12 months and 1 day, and Pierangeli to probation with home confinement. While Stevenson was more involved that Garbo and McGee (and roughly equal to defendant), his sentence was in part the product of a § 5K1.1 motion by the government. As noted, defendant did not earn such a motion. Thus, his sentence was appropriately a bit longer than Stevenson's. See 18 U.S.C. § 3553(a)(6).

6

condition. Other terms and conditions of the sentence appear in the judgment.

Dated at Milwaukee, Wisconsin, this 26th day of March, 2007.

/s Lynn Adelman

_____
LYNN ADELMAN
District Judge